UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOBIE KAY WATSON,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Commissioner of<br>Social Security, [1]<br><br>　　　　　　　　　Defendant. | Case No. 3:13-cv-05597-BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for June 13, 2014 |

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

On August 26, 2009 and on August 15, 2009, plaintiff filed an application for disability insurance benefits and SSI benefits, respectively, alleging disability as of July 21, 2007, due to

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the Defendant in this suit. **The Clerk of Court is directed to update the docket accordingly.**

REPORT AND RECOMMENDATION - 1

Post Traumatic Stress Disorder ("PTSD") and a back injury. See Administrative Record ("AR") 189-195, 196-199, 229-234. Her applications were denied upon initial administrative review and on reconsideration. See AR 110-116, 119-129. A hearing was held before an administrative law judge ("ALJ") on July 12, 2011, at which plaintiff, represented by counsel, appeared and testified, as did plaintiff's husband, Stephen Mullins, and Vocational Expert ("VE") Susan Bachelder Stewart. See AR 47-95. At the hearing, plaintiff amended her disability onset date to March 2, 2008. See AR 26.

On September 14, 2011, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 23-46. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on June 11, 2013, making the ALJ's decision defendant's final decision. See AR 1-7; see also 20 C.F.R. § 404.981, § 416.1481. On July 29, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. #3. The administrative record was filed with the Court on October 3, 2013. See Dkt #14. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for an award of benefits, or in the alternative remanded to defendant for further proceedings, because the ALJ's decision was not supported by substantial evidence and the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in rejecting the lay witness evidence in the record; and (3) in assessing plaintiff's residual functional capacity. The undersigned agrees the ALJ erred in determining plaintiff to be not disabled, but, for the reasons set forth below, recommends that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings.

REPORT AND RECOMMENDATION - 2

# DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [2]

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by

REPORT AND RECOMMENDATION - 3

I.  The ALJ's evaluation of the Opinion from Examining Provider Janis L. Lewis, PhD.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can

---

substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

On January 20, 2010, Janis L. Lewis, Ph.D. evaluated plaintiff on behalf of the state Department of Social and Health Services and offered multiple opinions regarding plaintiff's functional abilities. AR 543-49. The ALJ evaluated this opinion stating:

> In a DSHS form completed in January 2010, Dr. Lewis, a psychologist, opined that the claimant's panic attacks may be frequent enough to interfere with work activities; low self-esteem cause low expectations for success; low energy cause slow pace and errors; and anhedonia cause a lack of interest in work (Ex. 21F/5). This opinion is given little weight because it is quite vague and conclusory, providing very little explanation of the evidence relied on in forming that opinion. Dr. Lewis also opined the claimant had mild limitations to understand, remember and follow simple instructions; and moderate limitations to perform routine tasks, learn new tasks, and understand, remember and

REPORT AND RECOMMENDATION - 5

> follow complex instructions.  Dr. Lewis opined that the claimant had marked limitations in her ability to exercise judgment and make decisions, relate appropriately to co-workers and supervisors, and interact appropriately in public contacts.  This opinion is given greater weight as it fairly consistent with the above opinions and medical evidence.

AR 36.  Plaintiff argues the ALJ failed to properly evaluate this opinion.  See Dkt. #18, p. 6-8.  This Court agrees.

       The ALJ gave little weight to some of the opined limitations finding them to be brief and conclusory, and finding that Dr. Lewis didn't provide adequate explanation for the basis of his opinion.  While that can be a valid reason for discrediting a medical opinion, it was not a proper reason in this case.  See Batson, 359 F.3d at 1195.  Despite the ALJ's assertion, the record shows that Dr. Lewis based his assessment on a mental status examination ("MSE") as well as plaintiffs reported daily activities and medical history.  AR 546.  Dr. Lewis also noted observing multiple mental health symptoms during the evaluation and rated most of them to be markedly to severely limiting.  AR 545.  It is not clear what further information the ALJ felt was required to explain the basis for this opinion.  Also, the ALJ gave weight to other parts of Dr. Lewis's opinion which were based on the same MSE and clinical observations.  The ALJ failed to explain why the same findings were sufficient to support some limitations, but not others.  AR 36.  The ALJ did not provide specific and legitimate reasons for discrediting part of Dr. Lewis's opinion.

       Further, while the ALJ reportedly gave greater weight to the functional limitations opined by Dr. Lewis, they do not appear to be properly incorporated in the residual functional capacity ("RFC") finding.  AR 31, 36, 547.  Most notably, Dr. Lewis opined that plaintiff would have a marked limitation in relating appropriately to coworkers and supervisors, yet the only social functioning limitation included in the RFC finding was regarding public contact.  AR 31, 547.  The ALJ did not incorporate all of Dr. Lewis's opined limitations into the RFC finding and failed to provide any specific and legitimate reasons for discrediting this part of the opinion.

REPORT AND RECOMMENDATION - 6

Finally, the ALJ failed to address all of Dr. Lewis's opined limitation. Dr. Lewis opined that plaintiff would be severely limited in her ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting. AR 547. In this form completed by Dr. Lewis, "severe" is the highest possible level of limitation and was defined as the "inability to perform one or more basic work-related activities." Id. A severe limitation is clearly significant and probative evidence, and the ALJ erred in failing to address this part of the opinion. See Vincent, 739 F.3d 1394-95.

The ALJ erred in evaluating the opinion of Dr. Lewis. The ALJ failed to provide specific and legitimate reasons for discrediting portions of the opinion and failed to properly address all significant and probative evidence. Had all of Dr. Lewis's limitations been included in the RFC finding, the disability outcome likely would change, thus the ALJ's error is not harmless. Stout v. Commissioner, Social Security Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where it is non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion); see also Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007) (finding any error on part of ALJ would not have affected "ALJ's ultimate decision.").

II.   This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

REPORT AND RECOMMENDATION - 7

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical opinion evidence from Dr. Lewis – including whether the ALJ would be required to adopt that evidence and what impact it would have on the ALJ's assessment of plaintiff's residual functional capacity and her ability to perform other work existing in significant numbers in the national economy – remand for further consideration of those issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the ALJ's decision and remand this matter to defendant for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn,

REPORT AND RECOMMENDATION - 8

474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **June 13, 2014**, as noted in the caption.

DATED this 22nd day of May, 2014.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9